## Tony Nosil ·by Joseph Nosil, Defendant in Error, v. Ellis Time Stamp Company, Plaintiff in Error.

### Gen. No. 20,707.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

### Statement of the Case.

Action of the fourth class by Tony Nosil, a minor, by his next friend, Joseph Nosil, against Ellis Time Stamp Company, a corporation, defendant, to recover for personal injuries.

Plaintiff entered the employ of defendant on June 17, 1912, being put to work by the foreman at a punch press in defendant's factory. On the morning of June 19, 1912, while he was working at the press, two of his fingers were caught in the press and were cut off at a point about one-sixteenth of an inch back of the nail. The cause was tried before a jury resulting in a verdict and judgment against the defendant company for six hundred and fifty dollars. Defendant brings this writ of error to reverse the judgment.

In plaintiff's amended statement of claim it was charged that defendant was negligent (a) in failing to provide suitable guards on said punch machine, contrary to the statute, (b) in using said punch press when the same was known to be dangerously defective, contrary to the statute, and (c) in failing to provide suitable and proper means for disconnecting the power from said press while same was used by employees, contrary to the statute.

To this amended statement of claim the defendant filed an affidavit of merits in which it set up as a defense the provisions of the act commonly known as the

"Workmen's Compensation Act of 1911" (J. & A. ¶¶ 5449 *et seq*), approved June 10, 1911, and in force May 1, 1912. It was alleged that the defendant had elected to provide and pay compensation for injuries sustained by any employee, arising out of and in the course of employment, according to the provisions of said act, and that thereby the defendant had relieved itself from any liability for the recovery of damages by plaintiff except as in said act provided; that plaintiff had not filed a notice disaffirming said act with the Secretary of the State Bureau of Labor Statistics, and should thereby be deemed to have accepted the provisions of said act and to be bound thereby; and that plaintiff has made no effort to have his compensation under said act fixed and determined.

After the affidavit of merits had been filed by the defendant, plaintiff asked leave of court to file thereto an "affidavit and replication." Leave was granted and the same was filed on June 3, 1913. Plaintiff therein alleged, *inter alia,* that he should not be barred from maintaining his aforesaid action against defendant by reason of anything contained in its affidavit of merits because plaintiff says that defendant, as employer of plaintiff, did not furnish to plaintiff personally at the time of hiring, or post in a conspicuous place at the plant or in the room or place where plaintiff was employed, a legible statement of the compensation provisions of said Workmen's Compensation Act of 1911.

Defendant did not in any manner join issue on the allegations contained in said replication, but, on June 5, 1913, just as the cause was called for trial and before the jury were impaneled, defendant asked and obtained leave to file, and filed, a new affidavit of merits, in which defendant made no mention of said Workmen's Compensation Act. It was therein alleged (1) that defendant did not fail to provide suitable guards on said punch machine, but that on the contrary the

machine was properly equipped; (2) that said press was not dangerously or at all defective; (3) that it was provided with proper means for disconnecting the power therefrom; (4) that plaintiff's injuries were due solely to his own negligence and not to any negligence of defendant; (5) and that plaintiff, before entering upon his work on said press represented to defendant that he was familiar with the operation of such presses, and that defendant, relying upon said representations, permitted him to operate said press.

Immediately after defendant had filed said new affidavit of merits, plaintiff asked and obtained leave to file, and did file, an "additional" statement of claim, and it was ordered that defendant's said affidavit of merits stand as answer thereto. In this additional statement of claim plaintiff also claimed damages because of the negligence of defendant (1) in failing to provide plaintiff with a safe place to work; (2) in furnishing to plaintiff a dangerous punch press, in that the same would repeat and come down without warning; and (3) in placing plaintiff, a young and inexperienced person, 16 years of age, to work upon a dangerous press without instructing and warning him with the usual and customary directions for the proper running of said press, whereby he, while using ordinary care for his own safety, was seriously and permanently injured, etc.

The stenographic report of the proceedings below showed that the case was tried as though with the understanding between court and counsel that the Workmen's Compensation Act were not in it, and that defendant's only defenses were those contained in the new affidavit, no attempt being made to show that at the time of plaintiff's hiring he was personally furnished with, or that there was posted in defendant's factory, a legible statement of the compensation provisions of the act.

RATHJE & WESEMAN, for plaintiff in error.

EARL J. WALKER, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 420*—*when defense held to be abandoned.* In an action by an employee for personal injuries, where defendant, in its original affidavit of merits, set up the provisions of the Workmen's Compensation Act of 1911 as a defense, and plaintiff in reply alleged certain facts showing that he should not be bound by the act, and defendant did not deny the existence of the facts thus alleged, but filed a new affidavit of merits setting up new and different defenses and not mentioning the act as a defense, and the case is tried without reference to that defense, the defense based on the act is abandoned.

2. MASTER AND SERVANT, § 676*—*when evidence supports judgment.* Evidence in an action by a minor employee for personal injuries examined and *held* to support verdict and judgment for plaintiff.

Tony Ianni, Plaintiff in Error, v. Thomas Caros and George Preparas, Defendants in Error.

Gen. No. 20,725.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of facts. Opinion filed May 11, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.